NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWIN ANTONIO RIVAS-YANES; BIRDI DE LOS ANGELES RIVAS-QUEZADA; DARLIN ARACELY RIVAS-QUEZADA; VERONICA ARACELI QUEZADA-CHACON,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1149

Agency Nos.
A209-906-074
A209-906-075
A209-986-154
A209-986-153

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024 [**]

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Edwin Antonio Rivas-Yanes ("Rivas"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). His wife and two daughters are derivative beneficiaries on Rivas's asylum application. "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994),] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). "We review questions of law de novo and the agency's factual findings for substantial evidence." *Id.* (internal quotation marks and citation omitted). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. Asylum applicants must demonstrate "persecution or a well-founded fear of persecution on account of [a protected ground]," also known as the nexus requirement. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142-43 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)); *see also Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016). Applicants "must prove causal connection" by direct or

circumstantial evidence that the persecution was on account of a protected ground. *Sangha v. INS*, 103 F.3d 1482, 1486-87 (9th Cir. 1997). Membership in a particular social group and political opinion are two examples of protected grounds. *Id*. at 1486 (citing 8 U.S.C. § 1101(a)(42)(A)).

Substantial evidence supports the agency's denial of asylum based on its determination that Rivas failed to establish a nexus between past or future persecution and a protected ground. After Rivas brought his cousin, a member of the 18th Street ("18th St.") gang, into the rival territory of the Mara Salvatrucha ("MS-13") gang, Rivas's cousin was shot and killed, and Rivas was grazed by a bullet during the exchange. Regarding subsequent threats made by MS-13, Rivas testified that MS-13 sought revenge because he brought a rival gang member (Rivas's cousin) into their territory. Regarding subsequent threats made by 18th St., Rivas testified that 18th St. sought revenge because he was responsible for bringing his cousin into MS-13 territory, resulting in his cousin's death. However, actions based on revenge or personal retribution alone do not satisfy the nexus requirement. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (holding that purely personal retribution is not persecution on account of a protected ground).

Because substantial evidence supports the agency's nexus determination, we do not reach any other ground for denying Rivas's asylum claim, including the

BIA's determination that Rivas waived his proffered particular social group before the IJ.

2. Withholding of removal applicants must demonstrate that "a cognizable protected ground is 'a reason' for future persecution." *Garcia*, 988 F.3d at 1146 (citation omitted).

Substantial evidence supports the agency's denial of withholding of removal because Rivas failed to establish any nexus between the alleged persecution and a protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (noting that the nexus standard required for withholding of removal is lower than for asylum, but when the petitioner has not shown "any nexus whatsoever," both claims fail).

3. CAT applicants must demonstrate that "it is more likely than not that he or she would be tortured if removed" by or with the acquiescence of government officials. *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (citations omitted).

Substantial evidence supports the agency's denial of CAT relief because Rivas did not allege harm or threats by a government official in El Salvador, nor did he establish that any government official would consent or acquiesce in his torture. *See id*. at 770 ("[A] general ineffectiveness on the government's part to

investigate and prevent crime will not" suffice to show acquiescence. (citation omitted)).

4. The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED**.